IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-355-FL

| | |
|---|---|
| JAWAL SULEMAN, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ERIK K. SHINSEKI, Secretary of Veterans Affairs; ) | |
| UNITED STATES DEPARTMENT OF ) | |
| VETERANS AFFAIRS; ELIZABETH GOOLSBY, ) | |
| Director, Fayetteville VA Medical Center; ) | |
| FAYETTEVILLE VA MEDICAL CENTER; and ) | |
| JOHN/JANE DOE, Chief Patient Care Services ) | |
| Officer, Fayetteville North Carolina VA Medical ) | |
| Center, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court upon defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (DE # 20). On April 19, 2011, United States Magistrate Judge David W. Daniel entered a memorandum and recommendation ("M&R") wherein he recommends that the motion be granted. No objections to the magistrate judge's recommendation were filed, and the issues raised now are ripe for adjudication. After a considered review, and discerning no clear error in the M&R, the court adopts the recommendation of the magistrate judge and dismisses this action.

## BACKGROUND

On September 2, 2010, plaintiff filed this action seeking a declaratory judgment that defendants violated the Health Care Quality Improvement Act of 1986 ("HCQIA"), 42 U.S.C.

§ 11101 et seq., and an order enjoining them from filing a malpractice payment report (indicating that plaintiff's former employer, a medical center within the Department of Veterans Affairs ("VA"), had entered into a settlement with one of his patients due to plaintiff's alleged malpractice) with the National Practitioner Data Bank ("NPDB"). Plaintiff's emergency motion for an *ex parte* temporary restraining order was denied the same day.

On October 12, 2010, defendants moved to dismiss for lack of subject matter jurisdiction. Defendants argued that the HCQIA does not create a private cause of action and that there has been no final agency action under which jurisdiction would be appropriate through the relevant judicial review provision of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706. Plaintiff timely responded in opposition, arguing that there had in fact been agency action sufficient to allow review under the APA. Defendants replied. The matter was referred to the magistrate judge, who recommends dismissing the action for lack of subject matter jurisdiction.

## DISCUSSION

A.  Standard of Review

As already noted, no objections to the magistrate judge's M&R have been filed within the time allotted by Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 72.4(b). Absent a specific and timely filed objection, the court reviews the magistrate judge's analysis only for "clear error," and need not give any explanation for adopting the recommendation set forth in the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

2

B. Analysis

Applying the framework set forth in Flue-Cured Tobacco Cooperative Stabilization Corp. v. EPA, 313 F.3d 852 (4th Cir. 2002), the magistrate judge concluded that the VA's submission of the malpractice report to the NPDB was not a "final" agency action under the APA, but instead was merely an interlocutory step in the agency review process. The magistrate judge reached this conclusion by noting that the HCQIA anticipates that an aggrieved physician will file a dispute with Department of Health and Human Services ("HHS"), which operates the NPDB, challenging a supposedly inaccurate malpractice report. The magistrate judge reasoned that plaintiff should not be allowed to avoid this administrative exhaustion requirement within HHS simply because his employer, who submitted the report for review, is also a federal agency.

The magistrate judge concluded that the Fourth Circuit's decision in Flue-Cured was directly on point because, as with the EPA report in that case, the submission to the NPDB at best has the potential to persuade and influence third parties, which is insufficient to make an action "final" as required by the APA. The court notes that the magistrate judge's analysis is supported by case law from a number of other districts, which he cited in reaching his conclusion. See, e.g., Gonino v. Private Health Care Sys., Inc., 2004 WL 2583625, at *2 (N.D. Tex. Nov. 12, 2004); Brown v. Med. Coll. of Ohio, 79 F. Supp. 2d 840, 845 (N.D. Ohio 1999); Anbar v. Leahan, 1998 WL 314691, at *7-8 (E.D. Pa. June 11,1998); Bigman v. Med. Liab. Mut. Ins. Co., 1996 WL 79330, at *4 (S.D.N.Y. Feb. 22, 1996). Finally, the court agrees with the magistrate judge that an alternative adequate remedy exists for plaintiff to correct the disputed report: if his complaint with HHS (as opposed to defendants here) is unsuccessful, he may challenge that agency action in court.[*]

---

[*] The magistrate judge declined to address defendants' standing arguments.

3

Where the magistrate judge's M&R appears to be a proper application of binding Fourth Circuit case law, on facts that are similar to those faced by other courts reaching the same conclusion, the court cannot say that the magistrate judge erred in his analysis. Accordingly, and without objection from the parties, the court adopts the M&R and dismisses this action for lack of subject matter jurisdiction under the APA.

## CONCLUSION

Upon a careful and considered review of the M&R, to which no objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full and GRANTS defendants' motion to dismiss (DE # 20). The Clerk of Court is directed to close this case.

SO ORDERED, this the 16th day of May, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge

4

Case 5:10-cv-00355-FL   Document 25   Filed 05/16/11   Page 4 of 4